IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BUILDERS GROUP, LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-02492-X |
| | § | |
| TRAVIS HOPKINS and SKILLD LABS, LLC, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION AND BRIEF REQUESTING TO STRIKE PLAINTIFF'S "SEALED" PLEADINGS

Defendants Travis Hopkins ("Hopkins") and Skilld Labs, LLC ("Skilld Labs") (collectively, "Defendants") file this Motion and Brief objecting to, and/or seeking to strike, Plaintiff's "sealed" pleadings ("Motion").

### BACKGROUND

1. Plaintiff filed a "Motion for Leave" seeking permission to seal an appendix and amended complaint. Dkt. 9. The docket does not show any proposed order was filed, and no order was issued. Plaintiff then filed at least five pleadings under seal. Dkts. 11, 14-16, and 30.

2. Defendants ask the Court to strike those pleadings from the docket.

### ARGUMENT

3. For permission to seal, Plaintiff needed to:

a. identify precisely what information (pages, lines, etc.) it wants to remain sealed in the documents already filed under seal;
b. conduct a line-by-line, page-by-page analysis explaining and briefing why the risks of disclosure outweigh the public's right to know;
c. explain why no other viable alternative to sealing exists;
d. draft the sealing motion "in a way that does not disclose confidential information";

    e.    include with the sealing motion a proposed public version of any part of any motion and supporting materials that he seeks to maintain under seal, with any and all assertedly confidential information redacted; and

    f.    support all facts recited in the revised sealing motion with a verification by the oath or declaration of a person or persons with personal knowledge, to assist the Court in making fact findings that can withstand appellate scrutiny.

*In re Oh*, No. 3:23-MC-56-X, 2023 WL 7004962, at *6 (N.D. Tex. Oct. 24, 2023) (Horan, M.J.) (citations omitted).

    4.    Plaintiff did not do so. Also, Plaintiff did not obtain any sealing order allowing permission to file under seal. *See also* LR 79.3(b) ("If no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge.").

    5.    Plaintiff seems to want the privacy of an arbitration (*i.e.,* filings not on publicly available portal) while avoiding its arbitration provision.

    6.    Thus, Defendants object and ask the Court to strike the "sealed" pleadings.

## PRAYER

Defendants respectfully request the Court to grant the objections and strike in whole or part the related pleadings. Defendants respectfully request all other relief that they may be deemed entitled under law and/or equity.

Respectfully submitted this 28th day of November, 2023.

**HOLLAND & KNIGHT**

*s/ Sara Staha*
Sara S. Staha
Texas Bar No. 24088368
Email: Sara.Staha@hklaw.com
Nicholas A. Sarokhanian
Texas Bar No. 24075020
Email: Nicholas.Sarokhanian@hklaw.com
Weston J. Mumme
Texas Bar No. 24108300
Email: Weston.Mumme@hklaw.com
Holland & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX  75201
Telephone:    (214) 964-9448
Facsimile:    (214) 964-9501

*and*

**ROGGE DUNN GROUP, PC**

*s/ Greg McAllister*
Greg McAllister
Texas Bar No. 24071191
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
Tel. (214) 747-1304
mcallister@roggedunngroup.com

*Counsel for Defendants*