UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BUILDERS GROUP, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-2492-X |
| | § | |
| TRAVIS HOPKINS and SKILLD LABS, LLC, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Builders Group, LLC's four motions for leave to file under seal or to redact information (Docs. 9, 38, 53, 61). The Court has analyzed the proposed sealed documents line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure. The Court **GRANTS IN PART** and **DENIES IN PART** the motion for leave to file under seal (Doc. 38). Because this is an amended motion, the motion for leave (Doc. 9) is **FOUND TO BE MOOT**. The Court **GRANTS** the motion to redact limited information in the Court's sealed order (Doc. 53), and **GRANTS** the motion for leave to file under seal Builder Group's emergency motion to compel (Doc. 61).

Within 14 days of the date of this Order, the Court **ORDERS** Builders Group to follow the Court's instructions for filing, redacting, and sealing the various documents and the information that they contain, as sort forth herein. All documents already under seal on the public docket should remain under seal for the time being.

1

## I. Legal Standard

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[2] The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[4] If the Court seals information, it must give sufficient reasons to allow for appellate review.[5] Finally, "[p]ublicly available information cannot be sealed."[6]

## II. Analysis

Builders Group seeks to seal several buckets of information: compensation terms, confidential business agreements and internal processes, the identities of its customers, and the identities of its developers. The Court considers each motion for

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

[4] *Id.* (cleaned up).

[5] *Binh Hoa Le*, 990 F.3d at 419.

[6] *June Med. Servs.*, 22 F.4th at 520.

leave in turn, while considering each document line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure.

### A. Motion 9

Builders Group seeks leave to file its appendix to the motion for preliminary injunction and its first amended complaint under seal. Because Builder's Group filed an amended motion for leave to seal the same material at Motion 38, the motion at Motion 9 is **FOUND TO BE MOOT**.

### B. Motion 38

Builders Group seeks leave to file the following under seal: its First Amended Complaint, its motion for preliminary injunction and related brief, and the appendix to the motion for preliminary injunction. Generally, Builders Group seeks to redact information related to compensation, confidential agreements, and customer information. Defendants filed a response seeking to strike multiple documents because they are sealed on the public docket, pursuant to Local Rule 79.2. (Doc. 48). The response does not appear to challenge the content sought to be sealed, therefore, the Court will now conduct a line-by-line, page-by-page analysis of the documents sought to be sealed or redacted. The motion is **GRANTED IN PART** and **DENIED IN PART**. Builders Group is **INSTRUCTED** to file a public, redacted version of its First Amended Complaint to comply with the instructions set forth below within 14 days of the date of this order.

### 1. The First Amended Complaint

Builders Group attaches both the unredacted complaint as filed (Docs. 11, 38-2) and the public version, with proposed redactions (Docs. 10, 38-3).

First, Builders Group seeks to redact multiple citations to exhibits throughout its complaint. These citations are on the following pages of the First Amended Complaint: pages 4–6, ¶¶ 10, 11, 13, and 14; page 6, ¶ 17; and page 8, ¶ 23. Citations do not contain confidential or trade secret information, and Builders Group has not argued that they do. Therefore, the privacy interest in the citations is not outweighed by the public interest in seeing them on the judicial record. The Court **DENIES** the request to redact citations to exhibits and **INSTRUCTS** Builders Group to file a modified redacted version without these redactions and any other redacted citations.

Next, Builders Group seeks to redact the compensation terms for Defendant Hopkins on page 6, paragraph 16. Builders Group argues that the information is confidential and public disclosure of high-level compensation terms would impact the company's competitive advantage. However, the citation following the description of the compensation terms contains no such information. The Court **GRANTS** the request to maintain redactions as to compensation terms, but **ORDERS** Builders Group to remove the redaction over the citation, "Exh. 2, p. 1."

Next, Builders Group seeks to redact portions of Agreements at issue in the case (pages 6-8, ¶¶ 18, 19, 20, 21; page 9, ¶ 26) and the agreements in full (Exhibits 1 and 2). These sections are direct quotes from the employment agreements at the heart of this trade secret case. Exhibit 1 is Builders Group's Employee Proprietary

Information Agreement. Exhibit 2 is the Builders Group's offer letter to Defendant Hopkins. Now, neither of these agreements include language that the contents are confidential, but Defendant Hopkins has not filed any challenge to the agreements being sealed, and there is not a significant risk to the public in sealing this information. The Court finds that Builders Group interest in keeping these documents confidential for business competitiveness outweighs the public interest in seeing the agreements in the judicial record. The Court **GRANTS** the request to redact, with the exception of citations. Again, Builders Group is **ORDERED** to remove any redactions over a citation in the brief but may redact the quoted material and the exhibits as proposed.

Builders Group next seeks to redact a description of its electronic storage system and agreements used within the company (page 9, ¶ 25). Builders Group argues that it takes steps to maintain the secrecy of these agreements and restrict access to anyone outside the company, and such a disclosure would impact its competitive advantage by allowing competitors to learn Builders Group's confidential information and use it to Builders Group's disadvantage. The Court finds that Builders Group's interest in maintaining the confidentiality of systems, agreements, and procedures outweighs the public's interest in such material. Further, Builders Group has limited the redactions to the descriptions of the systems and agreements. The Court **GRANTS** this request to maintain the redactions to paragraph 25.

Finally, Builders Group seeks to redact discussions with customers and customer identities at paragraphs 29, 32, 33, 49, 82, 83, and Exhibit 3. Builders

Group argues that information about and the identity of its business customers is confidential pursuant to its information agreements and internal policies. While Builders Group has a significant business interest in protecting its customer information and non-party customers have a privacy interest that may outweigh the public's interest, Builders Group has redacted information that is outside such private or confidential customer information. The Court takes each paragraph in turn.

Paragraph 29 is a description from an email with no identifying customer information.[7] The Court **DENIES** the request to redact this paragraph.

Paragraph 32 includes specifics about a named customer. Below the paragraph is an image of a job posting. Identifying information is redacted from the image. Builders Group seeks to redact text in its brief describing the unredacted image. The Court **DENIES IN PART** the request to redact paragraph 32. The sentences describing the image should be unredacted.[8] The redactions on the image itself may remain since they are limited to identifying customer information.

Paragraph 33 is redacted in totality. The Court **DENIES** the request to redact and **INSTRUCTS** Builders Group to modify the redactions to only redact the customer's name, identity, and location.

---

[7] This same email is discussed, without redaction, in Builders Group's Motion for Preliminary Injunction.

[8] Specifically, the following should be redacted: "Defendants began to actively market Skilld Labs "new role" in Dallas. A solicitation made by Defendants on October 27, 2023 *via Slack* to Builders Group's developers about SkilldLabs' "New Open Role. . .in Dallas, Texas" is below:" Doc. 38-2 at 13–14.

Paragraphs 49, 82, and 83 include the identity of Builder Group's customers. As the redactions are limited to the customers' identities, the Court **GRANTS** the requests to redact in these paragraphs.

Exhibit 3 is an internal email thread discussing a specific customer and business arrangements, including financials. Both the non-party customer and Builders Group have a business interest in keeping sensitive business information private that, in this instance, outweighs the public's interest to view the exhibit as a part of the judicial record. The Court **GRANTS** the redaction request.

Within 14 days of the date of this Order, Builders Group is **INSTRUCTED** to file a redacted version of the First Amended Complaint on the public docket to comply with the Court's instructions above.

### 2. Motion for Preliminary Injunction and Brief in Support

Builders Group seeks to redact much of the same information in its Motion for Preliminary Injunction as in its First Amended Complaint: compensation terms, confidential agreements, and identities of non-parties. Where the redacted material is the same as the First Amended Complaint, the Court refers the parties to the above analysis, where the redactions are additional material, the Court addresses in turn.

First, Builders Group seeks to redact information related to compensation of Defendant Hopkins at page 3, section A. For the reasons stated above, the Court **GRANTS** this request to redact.

Next, Builders Group seeks to redact quotes from the two agreements at issue in this case. These redactions are on pages 3, 4–5. For the same reasons as stated

above, the Court **GRANTS** the request to redact only as quoted language. Citations are not confidential information. Builders Group is **ORDERED** to remove the redactions over any citations. Builders Group also seeks to redact descriptions of other internal agreements and procedures at pages 8, note 3 and page 13 note 5. These requested redactions are also **GRANTED** for the same reasons discussed in regards to the First Amended Complaint.

Next, Builders Group seeks to redact the identity of customers on pages 6, 7 lines 5–7, 9, in part, 15, 20, and 23. The Court **GRANTS IN PART** and **DENIES IN PART**. On page 9 and 23, Builders Group discusses the same solicitation included in the First Amended Complaint. Builders Group may redact the customer's name, identity, and location. Images of the solicitation were already entered into the public record as partially redacted in the complaint, and the Court will not seal information that is otherwise public. On page 23, the Defendants actions do not contain confidential or sealable material, aside from customer identity, therefore, the Court **DENIES** the request as to this section.

Finally, Builders Group seeks to redact information identifying and related to the identity of its internal developers, including their declarations, on pages 7, lines 17–23, 8, 9 line 1, 14, 18, 19, 20. The redactions should match that in the declarations of the developers filed at APP. 090–92 and APP. 094–96. A party cannot redact information in briefing that is publicly filed in the appendix to the same brief. The Court **GRANTS IN PART** the requested redactions only as to the identity of non-parties and information that otherwise could be used to identify the individuals. The

8

Court otherwise **DENIES** the requests and **ORDERS** the redactions to otherwise be removed.

The proposed redactions are otherwise acceptable. The Court **ORDERS** a public motion to be filed with modified redactions as instructed.

### 3. Appendix in Support of Motion for Preliminary Injunction

The proposed redactions (Doc. 38-7) to Builders Group Appendix in support of its motion for preliminary injunction cover the same categories. For the same reasons, the requests are **GRANTED**, except where expressly denied below.

The requested redaction on APP. 003 is **DENIED IN PART**. Builders Group is **ORDERED** to file a modified appendix that removes the redaction over "That is not accurate" as this is not a portion of the confidential agreement.

### C. Motion 53

Builders Group seeks to seal the identity of developers in the Court's Memorandum Opinion and Order (Doc. 50) at footnotes 40 and 53. As the redactions are limited to the name of the developer, the motion is **GRANTED**. Builders Group did not request the Court to redact the quoted language of the Confidentiality Agreement, quoted by the Court on pages 18–20 of the Order. The Order will remain provisionally under seal for 14 days. If Builders Group would like to request leave to redact this or any other language in the Order, it may file a motion within 14 days of the date of this order. If nothing further is filed, the Court will have the proposed redactions (Doc. 38-1) filed to the public docket.

### D. Motion 61

Builders Group seeks to file its Motion to Compel Arbitration and the attached Appendix under seal, as redacted. Builders Group seeks to redact a customer's name in the Motion and the underlying arbitration subpoena and related discovery. As the subpoena is subject to the confidentiality order of the arbitration, the Court **GRANTS** the motion and unredacted motion and appendix will remain under seal.

### III.   Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** the motion for leave to file under seal (Doc. 38). Because this is an amended motion, the motion for leave (Doc. 9) is **FOUND TO BE MOOT**. The Court **GRANTS** the motion to redact limited information in the Court's sealed order (Doc. 53) and **GRANTS** the motion for leave to file under seal Builder Group's emergency motion to compel (Doc. 61).

The Court **ORDERS** the Builders Group to comply with the Court's instructions contained herein. Specifically, within 14 days of the date of this order, Builders Group is to file, publicly with modified redactions (1) its First Amended Complaint and (2) its Motion for Preliminary Injunction. If Builders Group has any further redactions to the Court's Memorandum Opinion and Order (Doc. 50), it should file an amended motion within 28 days of the date of this order.

The Court's instructions are the result of a page-by-page, line-by-line analysis. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[9]

---

[9] *June Med. Servs.*, 22 F.4th at 521.

**IT IS SO ORDERED** this 11th day of March, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE