UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BUILDERS GROUP, LLC, § § *Plaintiff*, § § v. § Civil Action No. 3:23-CV-2492-X § TRAVIS HOPKINS and SKILLD § LABS, LLC § § *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** plaintiff Builders Group LLC's case against defendants Travis Hopkins and Skilld Labs, LLC for failure to prosecute its case.

Builders filed its complaint against Hopkins and Skilld Labs in November 2023.[1] Hopkins and Skilld Labs moved to compel arbitration.[2] The Court granted their request staying and administratively closing the case.[3] On October 14, 2025, the Court ordered the parties to file a joint status report addressing the status of the arbitration proceedings no later than October 29, 2025.[4] On October 28, 2025, Hopkins and Skilld Labs filed a status report stating that a final arbitration award was issued on December 19, 2024.[5] On October 30, 2025 the Court issued an order

---

[1] Doc. 1.

[2] Doc. 22.

[3] Doc. 50.

[4] Doc. 78.

[5] Doc. 79.

1

requiring the party who prevailed at arbitration to file a motion to confirm the arbitration award within 14 days, warning that failure to file any such motion would result in the Court "dismiss[ing] this case for want of prosecution under Federal Rule of Civil Procedure 41(b)."[6]  In response, Builders's counsel filed an unopposed motion to withdraw as attorney for Builders.[7]

Rule 41(b) allows the Court to "dismiss the action or any claim against" the defendant if "the plaintiff fails to prosecute or to comply with these rules or a court order."[8]  Dismissal under Rule 41(b) may be *sua sponte*, but it may be with prejudice "only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."[9]

What is clear is that dismissal is appropriate under Rule 41(b) because Builders has failed to prosecute its case by failing to move to confirm the arbitration award or pursue a voluntary dismissal under Rule 41(a).  The more difficult inquiry is whether the dismissal should be with prejudice or without prejudice.  The Court, in its discretion, notes that despite Builders's failures to adequately pursue or dismiss this federal case, the record lacks the findings of purposeful delay or contumaciousness and the Court has not already imposed the lesser sanctions

---

[6] Doc. 80.

[7] Doc. 81.

[8] FED. R. CIV. P. 41(b).

[9] *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).

necessary to warrant dismissal with prejudice—the heightened standard for dismissal with prejudice that Rule 41(b) requires.

Therefore, under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** Builders Group LLC's case against Travis Hopkins and Skilld Labs, LLC for Builders's failure to prosecute its case.  The Court **DENIES AS MOOT** counsel's unopposed motion to withdraw as counsel of record for Builders. (Doc. 81).  The Court additionally **DECREES** the preliminary injunction is expired.[10] (Doc. 50).

**IT IS SO ORDERED** this 18th day of November, 2025.

 _[signature]_  
BRANTLEY STARR  
UNITED STATES DISTRICT JUDGE

---

[10] The Court's order issuing the preliminary injunction stated that it would expire "after the earlier of either two years after Hopkins termination, which occurred on October 11, 2023, or upon a further order of the Court."  (Doc. 50).  Since it has been over two years since the termination of Hopkins's termination, the preliminary injunction is deemed as expired.